**UNITED STATES of America,**
**Appellee,**

v.

**Manuel Robles GUZMAN,**
**Defendant–Appellant.**

**Docket No. 03–1248.**

United States Court of Appeals,
Second Circuit.

Aug. 20, 2004.

Joshua A. Levine, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

David Samel, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges, and COTE, District Judge.[*]

## SUMMARY ORDER

Defendant-appellant Manuel Robles Guzman appeals his conviction and sentence for conspiracy to distribute, and to possess with intent to distribute, five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846. Following a guilty plea, Guzman was sentenced to 192 months' imprisonment. On appeal, Guzman argues that the district court erred in enhancing his sentence for leadership role and for drug quantity. He also argues that such court-determined enhancements are improper after the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

In *United States v. Mincey*, 380 F.3d 102 (2d Cir.2004), our Circuit held that "[u]nless and until the Supreme Court rules otherwise, the law in this Circuit remains as stated" in prior cases upholding the validity of the Guidelines. *Id.* at 106. Following *Mincey*, we reject Guzman's *Blakely*-based challenge to the constitutionality of his sentence.

Apart from *Blakely*, Guzman claims that it was error for the district court to enhance his sentence for drug quantity, because the district court failed to ascertain the margin of error accompanying the government's method of calculating the quantity of drugs he possessed. A district court's drug quantity determination for sentencing purposes is a finding of fact that will not be contravened on appeal unless it is clearly erroneous. *See United States v. Franklyn*, 157 F.3d 90, 97 (2d Cir.1998). On the facts before us, we cannot say that Judge Keenan's drug quantity determination constituted clear error, and we therefore affirm the sentencing enhancement for drug quantity. Guzman's other sentencing arguments are unavailing, and we reject them for substantially the reasons expressed by the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, —— L.Ed.2d ——, No. 04–104, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, —— L.Ed.2d ——, No. 04–105, 2004 WL 1713655 (Aug. 2, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Proce-

---

[*] The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

dure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

We have considered all of Guzman's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.